UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VERRAGIO, LTD.<br><br>　　　　Plaintiff,<br><br>vs.<br><br>KD CREATIONS JEWELRY INC.,<br><br>　　　　Defendant. | CASE NO. 1:19-cv-603<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT AND TRADEMARK INFRINGEMENT;<br><br>DEMAND FOR TRIAL BY JURY |

Plaintiff Verragio, Ltd. ("Verragio"), by and through its attorneys, Tucker Ellis LLP, files its complaint against KD Creations Jewelry Inc., ("Defendant") for injunctive relief and damages as follows:

### Subject Matter Jurisdiction and Venue

1. This case is a civil action arising under the Trademark and Copyright Laws of the United States, 15 U.S.C. §§ 1051, *et seq*., and 17 U.S.C. §§ 101, *et seq*., respectively. This Court has subject matter jurisdiction over the claims in this Complaint which relate to copyright and trademark infringement pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a).

2. Venue is proper in this court pursuant to 28 U.S.C. §§ 1391(b) and 1400(a). The infringing products which are the subject of this litigation are and have been distributed and offered for distribution in the Northern District of Illinois; the claims alleged in this action arose in the Northern District of Illinois; and, the Defendant transacts business in the Northern District of Illinois.

### Parties and Personal Jurisdiction

3. Verragio is a New York corporation with its principal place of business at 330 5th Avenue, 5th Floor, New York, NY 10001.

4. Defendant KD Creations Jewelry Inc., upon information and belief, has its principal place of business at 5 South Wabash Avenue, Suite 910, Chicago, Illinois 60603. This Court has

1

personal jurisdiction over Defendant because Defendant transacts business and has other related activities within the Northern District of Illinois. Defendant regularly does and solicits business and derives substantial revenue from doing business in this Judicial District.

## The Business of Verragio

5. Barry Nisguretsky ("Nisguretsky") is the owner of Verragio.

6. For over 20 years, Nisguretsky has been an innovator in the design creation, and marketing of fine jewelry. Nisguretsky designs his own jewelry and has created exclusive collections from only top quality material.

7. Among Nisguretsky's jewelry designs is AFN 5007CU, which is an original design comprising copyrightable subject matter under the laws of the United States. Pictures of this ring are attached to this Complaint as Exhibit A.

8. AFN-5007CU is part of Verragio's Venetial Collection.

9. At all relevant times, Nisguretsky complied in all respects with the Copyright Act, 17 U.S.C. § 101, et seq., and secured the exclusive rights and privileges in and to the copyrights in AFN 5007CU (VAu 1-050-947).

10. Nisguretsky has received a Certificate of Registration from the Register of Copyrights for AFN 5007CU (VAu 1-050-947), a copy of which is attached to this Complaint as Exhibit B.

11. Nisguretsky has exclusively licensed his copyrighted jewelry designs to Verragio.

12. Since its creation, AFN 5007CU (VAu 1-050-947) and the licensed copyrighted jewelry designs have been manufactured by Verragio, or under its authority.

13. Each engagement ring in Verragio's Venetian Collection, as well as in most of the other Verragio collections, contains the Verragio Crest. The Verragio Crest, as it applies to jewelry, "consists of the configuration of a crest in the shape of a crown with three points featured as a part of a ring design." Verragio owns a United States trademark registration for the Verragio Crest, Registration No. 5,467,684. A copy of the Registration Certificate for this registration is attached to this Complaint as Exhibit C.

14. Verragio has made and continues to make a substantial investment of time, effort, and expense in the design, manufacturing and marketing of its jewelry featuring the Verragio Crest.

15. Verragio advertises its products, including jewelry that contains the Verragio Crest, in social media including Facebook, Pinterest, Twitter, YouTube, Instagram, Google+ and over the World Wide Web through its website www.verragio.com.

16. Verragio jewelry bearing the Verragio Crest has been sold to retail stores throughout the United States. These retail stores display and offer for sale to the general public jewelry that contains the Verragio Crest.

17. Verragio jewelry bearing the Verragio Crest has had outstanding commercial success. As a result, jewelers and the public recognize the Verragio Crest as designating an exclusive source, thereby creating a goodwill which inures to Verragio's benefit.

**The Business of Defendant KD Creations Jewelry, Inc.**

18. Verragio is informed and believes, and on that basis alleges, that Defendant is a manufacturer and wholesaler of jewelry and is in the business of selling fine jewelry to jewelry companies throughout the United States.

19. Verragio is informed and believes, and on that basis alleges, that Defendant operates its jewelry business in direct competition with Verragio's jewelry business.

20. Verragio is informed and believes, and on that basis alleges, that Defendant sells its jewelry to, and actively solicits and seeks as customers, the same consumers as Verragio.

21. Verragio has not authorized Defendant to copy, reproduce, manufacture, duplicate, disseminate, or distribute jewelry with a design that is substantially similar to the copyrighted jewelry design of AFN 5007CU (VAu 1-050-947) or any other copyrighted ring design licensed to Verragio.

22. Verragio has not authorized Defendant to copy, reproduce, manufacture, duplicate, disseminate, or distribute jewelry with a design that is confusingly similar to the Verragio Crest trademark.

23. In violation of federal copyright law, Verragio is informed and believes, and on that basis alleges, that Defendant has engaged in the advertisement, manufacture, distribution, duplication

and/or sale of jewelry with designs that are substantially similar to the copyrighted jewelry design of AFN 5007CU (VAu 1-050-947) and other copyrighted ring designs licensed to Verragio.

24. In violation of federal trademark law, Verragio is informed and believes, and on that basis alleges, that Defendants have engaged in the advertisement, manufacture, distribution, duplication and/or sale of jewelry with designs that are confusingly similar to the Verragio Crest trademark.

25. Currently, Defendant is advertising, distributing and selling jewelry that is substantially similar to the copyrighted jewelry design of AFN 5007CU (VAu 1-050-947) and other copyrighted ring designs licensed to Verragio.

26. A picture of one of these unauthorized and infringing pieces of jewelry is attached to this Complaint as Exhibit D.

## First Cause of Action
## (Copyright Infringement)

27. Verragio realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 26 of this Complaint as though fully set forth.

28. Verragio is informed and believes, and on that basis alleges, that Defendant has manufactured ring styles that infringe Verragio's copyrights.

29. Verragio is informed and believes, and on that basis alleges, that Defendant has sold these, and other, infringing rings to the public.

30. A comparison of one of the rings sold and offered for sale by Defendant to the copyrighted jewelry design of Verragio follows:

 

Verragio Style No. AFN 5007 CU                         Accused Ring

31. Defendant's acts constitute infringement of Verragio's licensed copyrights in AFN 5007CU (VAu 1-050-947) in violation of the Copyright Act, 17 U.S.C. § 101, *et seq*.

32. Verragio is informed and believes that Defendant's distribution, duplication and/or sale of infringing copies of AFN 5007CU (VAu 1-050-947) was deliberate, willful, malicious, oppressive, and without regard to Verragio's proprietary rights.

33. Defendant's copyright infringement has caused, and will continue to cause Verragio to suffer substantial injuries, loss, and damage to its proprietary and exclusive rights to the copyrights in AFN 5007CU (VAu 1-050-947) further, has damaged Verragio's business reputation and goodwill, diverted its trade and caused loss of profits, all in an amount not yet determined. In addition, Verragio is entitled to receive the profits made by Defendant from its wrongful acts pursuant to 17 U.S.C. § 504. Alternatively, Verragio is entitled to recover statutory damages, on election by Verragio, in an amount of up to $150,000 for each copyrighted work sold, offered for sale or distributed.

34. Defendant's copyright infringement, and the threat of continuing infringement has caused, and will continue to cause Verragio repeated and irreparable injury. It would be difficult to ascertain the amount of money damages that would afford Verragio adequate relief at law for

Defendant's acts and continuing acts. Verragio's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendant. Therefore, Verragio is entitled to temporary, preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502, and to an order under 17 U.S.C. § 503 and 28 U.S.C. § 1651(a) that the infringing copies of AFN 5007CU (VAu 1-050-947), and all molds by which such infringing copies were produced, be seized, impounded and destroyed.

35. Verragio is also entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## Second Cause of Action

### (Trademark Infringement Under 15 U.S.C. § 1114(1))

36. Verragio realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 35 of this Complaint as though fully set forth here.

37. Defendant's use in commerce of Verragio's federally registered trademark in the Verragio Crest is likely to cause confusion, mistake, or to deceive.

38. The above-described acts of Defendant constitute trademark infringement in violation of 15 U.S.C. § 1114(1), entitling Verragio to relief.

39. Defendant has unfairly profited from the trademark infringement alleged.

40. By reason of Defendant's acts of trademark infringement, Verragio has suffered damage to the goodwill associated with the Verragio Crest.

41. Defendant's acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm Verragio and its federally registered trademark.

42. Defendant's acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public who has an interest in being free from confusion, mistake, and deception.

43. By reason of Defendant's acts of trademark infringement, Verragio's remedy at law is not adequate to compensate it for the injuries inflicted by Defendant. Accordingly, Verragio is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

44. By reason of Defendant's willful acts of trademark infringement, Verragio is entitled to damages, and that those damages be trebled under 15 U.S.C. § 1117.

45. This is an exceptional case making Verragio eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## Third Cause of Action

## (Trademark Infringement and False Designation of Origin

## Under 15 U.S.C. § 1125(a))

46. Verragio realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 45 of this Complaint as though fully set forth.

47. Verragio's jewelry incorporating the Verragio Crest has a unique and distinctive design which designates a single source of origin.

48. Defendant's use in commerce of the Verragio Crest is likely to cause confusion, or to cause mistake, or to deceive the relevant public that Defendant's goods or service are authorized, sponsored or approved by or are affiliated with Verragio.

49. The above-described acts of Defendant constitute trademark infringement of the Verragio Crest and false designation of origin in violation of 15 U.S.C. § 1125(a), entitling Verragio to relief.

50. Verragio is being damaged and is likely to be damaged in the future by Defendant's infringement by reason of the likelihood that purchasers of Defendant's goods will be confused or mistaken as to source, sponsorship or affiliation of Defendant's jewelry.

51. Defendant has unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined.

52. By reason of the above-described acts of Defendant, Verragio has suffered and will continue to suffer damage to the goodwill associated with the Verragio Crest.

53. The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm Verragio and the Verragio Crest.

54. The above-described acts of Defendant have irreparable harmed and, if not enjoined, will continue to irreparably harm the general public which has an interest in being free from confusion, mistake, and deception.

55. By reason of the above-described acts of Defendant, Verragio's remedy at law is not adequate to compensate it for the injuries inflicted. Accordingly, Verragio is entitled to entry of injunctive relief pursuant to 15 U.S.C. § 1116.

56. Because the above-described acts of Defendant were willful, Verragio is entitled to damages, and that those damages be trebled, under 15 U.S.C. § 1117.

57. This is an exceptional case making Verragio eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

**Prayer for Relief**

Therefore, Verragio respectfully requests judgment as follows:

1. That the Court enter a judgment against Defendants that Defendants have:

    a. infringed the rights of Verragio in Verragio's federally registered copyrights under 17 U.S.C. § 501;

    b. infringed the rights of Verragio in its federally registered trademark in its Verragio Crest in violation of 15 U.S.C. § 1114; and

    c. infringed the rights of Verragio in the Verragio Crest in violation of 15 U.S.C. § 1125.

2. That each of the above acts by Defendant was willful.

3. That the Court issue a Temporary Restraining Order and Preliminary Injunction enjoining and restraining Defendant and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant, from:

    (a) manufacturing, producing, selling, distributing, destroying, altering, or otherwise disposing of any jewelry that is in the possession of Defendant that

        is substantially similar to AFN 5007CU (VAu 1-050-947) or any other copyrighted ring design licensed to Verragio;

(b) destroying any documents, electronic files, wax models, molds, business records, or any other tangible object pertaining to the copying, reproduction, manufacture, duplication, distribution, or advertisement of any such jewelry; and,

(c) engaging in any other activity constituting an infringement of any of Verragio's trademark rights in the Verragio Crest and/or Verragio's licensed copyrighted jewelry designs; and

(d) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs 3(a) through 3(c) above.

4. That Verragio be awarded damages for Defendant's trademark infringement and unfair competition.

5. That Verragio be awarded Defendant's profits resulting from its infringement of Verragio's trademark.

6. That Defendant be ordered to account to Verragio for, and disgorge, all profits it has derived by reason of the unlawful acts complained of above.

7. That damages resulting from Defendant's willful infringement be trebled in accordance with the provisions of 15 U.S.C. § 1117.

8. That Verragio be awarded damages for Defendant's copyright infringement either: (i) actual damages in an amount to be determined at trial, together with Defendant's profits derived from its unlawful infringement of Verragio's copyrights; or (ii) statutory damages for each act of infringement in an amount provided by law, as set forth in 17 U.S.C. § 504, at Verragio's election before the entry of final judgment, together with prejudgment and post-judgment interest.

9. That the Court issue a Permanent Injunction enjoining and restraining Defendant and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant, from:

    a. copying, reproducing, manufacturing, duplicating, disseminating, distributing, or using infringing copies of Verragio's licensed copyrighted jewelry designs;

    b. engaging in any other activity constituting an infringement of any of Verragio's trademarks or licensed copyrighted jewelry designs; and

    c. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraph 9(a) through 9(b) above.

10. That the Court issue an Order at the conclusion of the present matter that all infringing copies of jewelry, and all molds by which such infringing jewelry was produced, be seized, impounded and destroyed.

11. That the Court award Verragio its reasonable attorneys' fees pursuant to 17 U.S.C. § 505, 15 U.S.C. § 1117, and any other applicable provision of law.

12. That the Court award Verragio its costs of suit incurred herein.

13. That Verragio be awarded such other relief as may be appropriate, including costs of corrective advertising.

Respectfully submitted,

TUCKER ELLIS LLP

By: */s/Howard A. Kroll*
Howard A. Kroll – CA Bar No. 100981
Tucker Ellis LLP
515 South Flower Street
42nd Floor
Los Angeles, CA 90071
Telephone: 213-430-3400
Facsimile: 213-430-3409

*Attorneys for Plaintiff*
*Verragio, Ltd.*

## DEMAND FOR TRIAL BY JURY

Plaintiff Verragio, Ltd. hereby demands a trial by jury to decide all issues so triable in this case.

Respectfully submitted,

TUCKER ELLIS LLP

By: */s/Howard A. Kroll*
Howard A. Kroll – CA Bar No. 100981
Tucker Ellis LLP
515 South Flower Street
42nd Floor
Los Angeles, CA 90071
Telephone: 213-430-3400
Facsimile: 213-430-3409

*Attorneys for Plaintiff*
*Verragio, Ltd.*

1409155.1